H. ERNEST DUMKE, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Dumke v. Commissioner
Docket No. 330-74
United States Tax Court
T.C. Memo 1975-91; 1975 Tax Ct. Memo LEXIS 282; 34 T.C.M. (CCH) 461; T.C.M. (RIA) 750091; April 2, 1975
H. Ernest Dumke, Jr., pro se. Douglas R. Fortney, for the respondent. *283 FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined a deficiency in the Federal income tax of petitioner for the taxable year 1972 in the amount of $624.00. The only issue for decision is whether the petitioner is entitled to claim dependency exemptions for his four children in the actual but not legal custody of his former wife. FINDINGS OF FACT Certain facts have been stipulated and are found accordingly. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. Petitioner, H. Ernest Dumke, Jr., (Herman) maintained his residence in Dallas, Texas, at the time the petition was filed in this case. He filed an individual Federal income tax return for the taxable year 1972 with the district director of internal revenue at Dallas, Texas. Herman was formerly the husband of Sandra Louise Henson (Sandra). Four children were born of their marriage, namely, William, Bruce, David and Tammy. The marriage was dissolved on May 9, 1969, by a judgment of divorce entered by the Domestic Relations Court of Tarrant County, Texas. The judgment of divorce provided, inter alia, for Sandra to have the *284 care and custody of the four children; [1] petitioner was obligated to make certain payments for child support. In addition, petitioner was entitled to claim, for income tax purposes, the two youngest children, David and Tammy, as dependents. At some point in the early part of 1970, due to reasons of no relevance here, a suit was filed by Herman to gain custody of the children. On May 26, 1970, the suit proved fruitful, petitioner was awarded custody of William and Bruce, with reasonable visitation privileges granted to Sandra. David and Tammy, however, were placed in the temporary custody of the Juvenile Probation Office of Tarrant County, Texas, and more specifically in St. Teresa's Home (orphanage) in Fort Worth, Texas; both parents were granted visitation rights. Petitioner's child support payments, payable to the Child Support Office of Tarrant County continued, but only with respect to the two younger children. Subsequently petitioner filed a motion with the appropriate Domestic Relations Court to gain custody of David and Tammy. By Order dated January 5, 1971, said court granted the motion, awarding petitioner control *285 of the two children, with reasonable visitation privileges granted to Sandra. The Court also terminated petitioner's obligation to pay the child support indicated in the previous judgments. Thereafter, until July 24, 1971, all four children lived with and were in the care and custody of Herman. On the noted date Sandra, exercising her visitation rights, picked up the four children and disappeared. To date petitioner remains unaware of their whereabouts; he has not seen nor communicated with his former wife or children since the disappearance. Further, Herman has not expended any sums for support on behalf of the children during their absence from his home. Petitioner has, however, received indirect assurances of their continued well being living with their mother. On his 1972 Federal income tax return petitioner claimed the four children as dependents. Respondent, in his statutory notice of deficiency dated December 27, 1973, disallowed the deductions attributable to the children being claimed as dependents. OPINION Pertinent to a determination here are the provisions of sections 152(e)(1) and (e)(2). [2] Section 152(e)(1) provides that where divorced parents provide over one-half *286 of the support of their child the dependency deduction for such child will be allowed to the parent having custody, unless section 152(e)(2) is applicable. This section permits the parent not having custody to claim the dependency deduction if: SEC. 152. DEPENDENT DEFINED. (e) Support Test in Case of Child of Divorced Parents Et Cetera.-- (2) Special rule.--The child of parents described in paragraph (1) shall be treated as having received over half of his support during the calendar year from the parent not having custody if-- (A)(i) the decree of divorce or of separate maintenance, or a written agreement between the parents applicable to the taxable year beginning in such calendar year, provides that the parent not having custody shall be entitled to any deduction allowable under section 151 for such child, and (ii) such parent not having custody provides at least $600 for the support of such child during the calendar year, or (B)(i) the parent not having custody provides $1,200 or more for the support of such child (or if there is more than one such child, $1,200 or more for all of such children) for the calendar year, and (ii) the parent having custody of such child *287 does not clearly establish that he provided more for the support of such child during the calendar year than the parent not having custody. For purposes of this paragraph, amounts expended for the support of a child or children shall be treated as received from the parent not having custody to the extent that such parent provided amounts for such support. We initially dispose of any suggestion that section 152(e)(2) has application to this matter. If Herman is assumed, arguendo, to have had custody of the children during 1972 then said provisions, by its terms, do not apply. If petitioner is designated the non-custodial parent then neither section 152(e)(2)(A) nor (e)(2)(B) will apply as Herman did not expend any funds during 1972 for the support of his children. [3] The test for support here is therefore governed by section 152(e)(1). *288 For petitioner to prevail in this matter we must conclude that custody as used in section 152(e)(1) refers to a strict legal custody rather than actual care and control of the dependent children. This we cannot do; we believe Congress to have intended the latter. See H. Rept. No. 102, 90th Cong., 1st Sess. (1967), 1967-2 C.B. 590 and S. Rept. No. 488 to accompany H.R. 6056 (Pub. L. No. 90-78), 90th Cong., 1st Sess. (1967). Accordingly, we hold petitioner to have failed to qualify for the dependency deduction under the provisions of section 152(e)(1). Decision will be entered for the respondent.
Footnotes
1. Petitioner was granted visitation privileges.↩
2. All section references are to the provisions of the Internal Revenue Code of 1954 in effect during the taxable years in issue.↩
3. Petitioner, in his "Memorandum of Authorities" to this Court, appears to be making a discovery motion to determine what funds, if any, his former wife has spent in support of their children. The only application of this knowledge that we can perceive, in relation to the present matter, would be for the purposes of section 152(e)(2)(B)(ii); as petitioner has not initially established compliance with section 152(e)(2)(B)(i) the information is irrelevent to the dependency question. Accordingly, if petitioner's "Memorandum of Authorities" contains such a motion, it is denied.↩